## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

KNIGHT OIL TOOLS, INC.,

      Plaintiff,

vs.                                  No. CIV 05-0669 JB/ACT

UNIT PETROLEUM COMPANY,

      Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion to Dismiss, or in the Alternative to Transfer, filed June 22, 2003 (Doc. 4). The primary issue is whether the venue provision in the parties' Master Well and Lease Service Contract ("the Contract") is mandatory or permissive. Because the Court determines that the Contract's venue provision is mandatory, and that transfer to the Northern District of Oklahoma is in the interests of justice, the Court will grant Defendant Unit Petroleum Company's ("Unit") motion and transfer the case.

### FACTUAL BACKGROUND

Knight Oil Tools, Inc., ("Knight") and Unit executed a Master Well and Lease Service Contract. See Master Well and Lease Service Contract at 1 (dated April 29, 1992). Knight and Unit are the original and only parties to the Contract. See id. Paragraph 10 thereof provided that a document entitled "Standard Terms and Conditions" was attached as Exhibit A. Id. at 3. The Contract incorporated Exhibit A and made it part of the Contract. See id. Knight agrees that the Contract and Exhibit A are valid and in full force and effect at all material times. Unit maintains that the Contract concerns Knight providing materials and services to a variety of potential locations,

not just those located in New Mexico.  Unit also asserts that the Contract controls and governs any and all performances of services and/or supply of materials with regard to the parties and well in question.

The Contract contains a choice of venue provision, which states:

This Contract, and all amendments, modifications, alterations, or supplements thereto, shall be governed by the laws of the State of Oklahoma as to the nature, validity, and interpretation thereof and that venue for any action involving this Contract shall be in the appropriate state or federal court located Tulsa County, Oklahoma.

Exhibit A to Master Well and Lease Service Contract ¶ 26, at 11.

Unit was the operator of the Yates State Number 2 well in Eddy County, New Mexico.  See Complaint ¶ 4, at 1 (dated May 9, 2005), attached to Notice of Removal, filed June 15, 2005 (Doc. 1).  Knight's Complaint alleges that Unit, as operator of the well, rented 388 joints of 2 7/8ths outside diameter grade x joints and "other equipment" from Knight through its Hobbs, New Mexico store.  See id. ¶ 6, at 2.  Unit arranged with Pradon Trucking Company in Midland, Texas to transport the pipe and equipment from Knight's yard in west Texas, and to ship it to Eddy County, New Mexico.  See Delivery Ticket, attached as exhibit 2A to the Complaint, at 1 (dated January 21, 2004)(hereinafter "Delivery Ticket 2A"); Delivery Ticket, attached as exhibit 2B to the Complaint, at 1 (dated January 21, 2004)(hereinafter "Delivery Ticket 2B").

The pipe was shipped to Unit at the Yates # 2 well in Eddy County, New Mexico.  See Complaint ¶ 6, at 2.  Knight alleges that, at the well site, Unit's representatives accepted the drill pipe and signed the delivery ticket.  See Delivery Ticket 2A, at 1; Delivery Ticket 2B; Complaint ¶ 8, at 2 ("A representative of Defendant, with the apparent authority of Defendant, accepted the shipment of pipe and signed the delivery tickets . . . .").  One of the delivery tickets specified:

-2-

"Lessee warrants by Lessee's acceptance of delivery of any equipment leased hereunder that such equipment is in proper operation, order, and appearance." Delivery Ticket 2A, at 1.  One of the delivery tickets also specified: "In the event of a conflict between the provisions of this agreement and any other . . . agreement, whether oral or written, the provisions of this agreement control."  Id. ¶ 14, at 2.   Neither of the delivery tickets contained a forum-selection clause

Knight alleges that Unit returned the joints in a damaged condition.  See Complaint ¶ 14, at 2.  Knight contends that, during the course of drilling operations, Unit negligently allowed the drill pipe to be damaged.  After Unit returned the drill pipe to Knight, a metallurgist examined the pipe. He allegedly confirmed that the drill pipe was damaged and could no longer be used.  Knight asserts that the damage to it is approximately $227,986.65, plus additional damages for loss of income. See id. ¶¶ 16-17, 24-25, at 3.

## PROCEDURAL BACKGROUND

On May 9, 2005, Knight filed its Complaint for Damages in the State of New Mexico, County of Eddy, Fifth Judicial District Court, Cause No. CV-2005-258, naming Unit as the only defendant.  Knight attaches both the Master Well and Lease Service contract and Exhibit A to its Complaint.

The Complaint makes two claims: one claim is for breach of contract and the other sounds in tort.  The Complaint is based, at least in part, on the alleged breach of the Master Well and Lease Service Contract, into which Knight and Unit entered.  See Complaint ¶ 5, at 1.  Knight maintains that the basis for the tort claim is not founded upon the writing between the parties.  Instead, Knight founds its tort claim upon the elements of tort – defendant's duty to plaintiff, a breach of that duty, proximate cause, and damages to plaintiff.  Specifically, Knight's Complaint for tort damages alleges

that Unit owed Knight a duty to keep and maintain the pipe in a good condition; the Complaint also alleges that Unit breached this duty, which proximately caused damages to Knight in the alleged amount.

Subsequent to being served with the Summons and Complaint, Unit timely filed its Notice of Removal to federal court.  In the Notice of Removal, Unit stated that venue would be proper in this District because the alleged damages arose in this District and the action that is being removed is pending in this District.  See Notice of Removal ¶ 12, at 3.  Unit further stated, however, that it anticipated filing a motion to dismiss or, in the alternative, to transfer to Oklahoma pursuant to a mandatory venue provision contained in the Contract.  See id.

Unit denies the Complaint's allegations and is requesting the Court construe the choice of venue provision in the Contract as mandatory, and hold that the provision applies to the breach of contract and tort claims at issue here.  Unit moves the Court for an order dismissing the Complaint or, in the alternative, to transfer the case pursuant to 28 U.S.C. §§ 1404(a), 1406(a) to the United States District Court for the Northern District of Oklahoma.

## LAW REGARDING FORUM SELECTION CLAUSES

Contrary to the general rule that a defendant's removal of the action from state court waives or cures any objection to improper venue in the federal court, see 17 J. Moore, Moore's Federal Practice ¶ 111.36[5][a], at 111-179 (3d ed. 2004), an objection to the lack of proper venue based on a clause designating a court of another state or a foreign court as the exclusive forum is not waived or cured if the defendant removes the action from state court, see id. ¶ 111.04[3][d], at 111-42 - 111-43 (citing Lambert v. Kysar, 983 F.2d 1110, 1113 n.2 (1st Cir. 1993)("[A] valid forum selection clause operates to render venue improper, not only under 28 U.S.C. § 1391 [the general venue

-4-

statute] but also under 28 U.S.C. § 1441(a) [the removal statute].")).  See also Int'l Software Sys., Inc. v. Amplicon, Inc., 77 F.3d 112, 113-15 (5th Cir. 1996)(without discussing removal issue, affirming dismissal on improper venue grounds of action removed from state court when forum selection clause specified state courts of another state as exclusive forum); Spradlin v. Lear Siegler Mgmt. Servs. Co., 926 F.2d 865, 866 (9th Cir. 1991)(without discussing removal issue, affirming dismissal of removed action on improper venue grounds based on clause making Saudi Arabia exclusive forum).

The United States Court of Appeals for the Tenth Circuit has observed that "[f]orum selection provisions are 'prima facie valid' and a party resisting enforcement carries a heavy burden of showing that the provision itself is invalid due to fraud or overreaching or that enforcement would be unreasonable and unjust under the circumstances."  Riley v. Kingsley Underwriting Agencies, Ltd., 969 F.2d 953, 957 (10th Cir. 1992)(quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 15 (1972)).  Only a showing of inconvenience "so serious as to foreclose a remedy, perhaps coupled with a showing of bad faith, overreaching or lack of notice would be sufficient to defeat a contractual forum selection clause."  Id. at 958.  Even if minor inconvenience would result, that would not justify non-enforcement of the forum-selection clause.  See Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 596-97 (1991).

In Milk 'N' More, Inc. v. Beavert, 963 F.2d 1342 (10th Cir. 1992), the Tenth Circuit, in an opinion by Judge Holloway, held that the forum-selection clause was mandatory and precluded removal of case to federal court.  See id. at 1343.  In that case, the defendant appealed an order remanding the breach of contract action to a Kansas state court.  See id.  The district court concluded that an enforceable forum-selection clause in the agreement required the remand.  The Tenth Circuit

agreed and affirmed.  See id.

The clause in the Milk 'N' More, Inc. v. Beavert agreement provided:  "The parties herein have mutually agreed that said lease and the purchase option agreement contained herein, where applicable, shall be governed by the laws of the State of Kansas and the parties further agree that venue shall be proper under this agreement in Johnson County, Kansas."  Id.  The district court granted the motion to remand on the ground that the contractual agreement contained an enforceable forum selection clause, relying on the principle that forum selection clauses are "prima facie valid and should be enforced" unless shown to be unreasonable.  Id. at 1344 (quoting Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972)).  On appeal, the defendant contended that the district judge erred in construing the clause as a mandatory agreement between the parties to resolve any dispute under the contract exclusively in the state court in Johnson County, Kansas; he said instead that the court should have construed the clause as merely a permissive designation on venue.  See 963 F.2d at 1344.

The defendant contended that the district court erroneously construed the contract language as an agreement making Johnson County, Kansas, the exclusive forum in which the parties could resolve disputes that arose under the agreement.  See id. at 1345.  The Tenth Circuit stated that the dispositive portion of the clause provided that "venue shall be proper under this agreement under this agreement in Johnson County, Kansas."  Id. at 1345-46.  The Honorable William  J. Holloway, Circuit Judge, wrote:  "We are persuaded that the district judge made the proper interpretation and correctly enforced the clause."  Id. at 1346.

In Milk 'N' More, Inc. v. Beavert, the Tenth Circuit stated that it was mindful that a waiver of one's statutory right to federal court must be "clear and unequivocal."  Id. (quoting Regis Assocs.

v. Rank Hotels (Mgmt.) Ltd., 894 F.2d 193, 195 (6th Cir. 1990)). The Tenth Circuit acknowledged that, if there is ambiguity in the clause, the court should construe it against the drafter. See id. Nevertheless, the Tenth Circuit said "[s]uch clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." Id. The Tenth Circuit stated that the provision that "venue shall be proper under this agreement in Johnson County, Kansas" was "reasonably clear and the wording strongly points to the state court of that county." Id. The Tenth Circuit said the use of the word "shall" generally indicates a mandatory intent unless a convincing argument to the contrary is made. Id. In Milk 'N' More, Inc. v. Beavert, the Tenth Circuit cited with approval Intermountain Sys., Inc. v. Edsall Constr. Co., 575 F. Supp. 1195, 1198 (D. Colo. 1983), stating it was particularly persuasive because it involved a similar clause: "It is agreed for purposes this agreement, venue shall be in Adams County, Colorado." 963 F.2d at 1346. The district court in Intermountain Systems, Inc. v. Edsall Constr. Co., held the language of the venue clause was precise and mandatory. See id. The Tenth Circuit held that the district judge in Milk 'N' More, Inc. v. Beavert had not committed any error in his interpretation of the agreement and the entry of his order of remand. See id.

In a more recent case, K & V Scientific Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft ("BMW"), 314 F.3d 494 (10th Cir. 2002)("K & V Scientific Co., Inc. v. BMW"), the parties entered into a new agreement which, unlike their earlier agreement, contained a jurisdictional and choice-of-law provision, which stated: "Jurisdiction for all and any disputes arising out of or in connection with this agreement is Munich. All and any disputes arising out of or in connection with this agreement are subject to the laws of the Federal Republic of Germany." Id. at 496. The plaintiff filed suit against defendant in New Mexico state court, asserting claims for (i)

breach of the first agreement's confidential disclosure agreement; (ii) breach of the second agreement's confidentiality agreement; (iii) breach of the duty of good faith and fair dealing; (iv) unjust enrichment/quantum meruit; (v) violation of New Mexico's Trade Secrets Act; (vi) violation of New Mexico's Unfair Trade Practices Act; (vii) estoppel to deny partnership and breach of partnership agreement; (viii) fraud; and (ix) breach of fiduciary duty. See id. at 497. The defendant removed the case to federal court and moved to dismiss pursuant to rule 12(b)(2) and (3) for lack of personal jurisdiction and improper venue. The district court, through the Honorable Bruce D. Black, United States District Judge, granted the defendant's motion to dismiss for improper venue. Judge Black surveyed the law, founds the case law inconsistent, but concluded that the forum selection clause contained in the second confidentiality agreement was "unambiguous and enforceable" and demonstrated "[t]he parties' intent to locate jurisdiction for this action solely in the courts of Munich." Id.

On appeal, the plaintiff argued that the language of the clause at issue contained no reference to venue, contained no language designating the courts in Munich exclusive, and contained no language indicating that suit elsewhere is impermissible. See id. The Tenth Circuit, in an opinion authored by the Honorable Mary Beck Briscoe, Circuit Judge, made the distinction between a venue provision which fixed venue in a certain location – mandatory -- versus one which merely granted jurisdiction to a certain place -- permissive. The Tenth Circuit set forth an analysis for determining whether forum-selection clauses within a contract are mandatory or permissive:

> This court and others have "frequently classified" forum selection clauses "as either mandatory or permissive." Excell[, Inc. v. Sterling Boiler & Mech., Inc.], 106 F.3d [318,] 321 [(10th Cir.1997)]. "Mandatory forum selection clauses contain clear language showing that jurisdiction is appropriate only in the designated forum." Id. (internal quotations omitted). "In contrast, permissive forum selection clauses

authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere."
Id. (internal quotations omitted).

K & V Scientific Co., Inc. v. BMW, 314 F.3d at 498.

Judge Briscoe discussed Milk 'N' More, Inc. v. Beavert, stating that the Tenth Circuit there had concluded that a forum selection clause stating "venue shall be proper under this agreement in Johnson County, Kansas" was mandatory. See id. at 498. Judge Briscoe found, however, that no Tenth Circuit case to date has dealt with a forum selection clause similar to the one in that case. Thus, Tenth Circuit precedent in general, and the Milk 'N' More, Inc. v. Beavert decision in particular, were of little assistance in resolving the dispute in K & V Scientific Co., Inc. v. BMW.

In contrast to the conclusion that Judge Black had reached, the Tenth Circuit stated that, "generally speaking," the Courts of Appeals are in "agreement" that the following formula is to be used in determining whether the selection clause is mandatory or permissive: "where *venue* is specified [in a forum selection clause] with mandatory or obligatory language, the clause will be enforced; where *only jurisdiction* is specified [in a forum selection clause], the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive." Id. at 499 (quoting Paper Express, Ltd. v. Pfankuch Maschinen GmbH, 972 F.2d 753, 757 (7th Cir.1992))(alteration in the original; emphasis added). The Tenth Circuit analyzed six forum selection clause language considered permissive, including four different forum-selection clauses wherein the provision used the word "shall" together with the name of a court. The K & V Scientific Co., Inc. v. BMW formula for the four clauses using the word "shall" and considered permissive were:

   * "Any dispute arising between the parties hereunder shall come within the jurisdiction of the competent Greek Courts, specifically of the Thessaloniki Courts."

John Boutari [& Son, Wines & Spirits, S.A. v. Attiki Imp. & Distrib. Inc.], 22 F.3d [51,] 52 [(2d Cir. 1994)].

* * * *

* "The courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of this contract." Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817 F.2d 75, 76 (9th Cir. 1987).

* * * *

* "This agreement shall be construed and enforceable according to the law of the State of New York and the parties submit to the jurisdiction of the courts of New York." Keaty [v. Freeport Indonesia, Inc.], 503 F.2d [955,] 956 [(5th Cir. 1974)] (concluding phrase was ambiguous and, when construed against drafter, was permissive).

* "This agreement shall be governed by and construed in accordance with the laws of the Federal Republic of Germany. * * * Place of jurisdiction shall be Dresden." Hull 753 Corp. v. Elbe Flugzeugwerke GmbH, 58 F. Supp. 2d 925, 926 (N.D. Ill. 1999).

K & V Scientific Co., Inc. v. BMW, 314 F.3d at 499.  The other two examples of permissive clauses were:

* "The laws and courts of Zurich are applicable." Caldas & Sons, Inc. v. Willingham, 17 F.3d 123, 127 (5th Cir. 1994).

* * * *

* "Place of jurisdiction is Sao Paulo/Brazil." Citro Florida[, Inc. v. Citrovale, S.A.], 760 F.2d 1231, 1231 (11th Cir. 1985)(concluding phrase was ambiguous and, when construed against drafter, was permissive).

K & V Scientific Co., Inc. v. BMW, 314 F.3d at 499.  The Tenth Circuit in K & V also noted that the courts had held the following clauses to be mandatory:

* "[P]lace of jurisdiction . . . is the registered office of the trustee [in Germany], to the extent permissible under the law." Frietsch v. Refco, Inc., 56 F.3d 825, 827 (7th Cir.1995); see id. at 829 (concluding that the phrase "to the extent permissible under

the law" "would have no function if the [forum selection] clause were not mandatory-if, in other words, a party could sue anywhere he wanted").

* "In all disputes arising out of the contractual relationship, the action shall be filed in the court which has jurisdiction for the principal place of business of the supplier . . . .  The supplier also has the right to commence an action against the purchaser at the purchaser's principal place of business."  Paper Express[, Ltd. v. Pfankuch Maschinen GmbH], 972 F.2d at 755; id. at 756 (concluding the last sentence "would be appropriate and meaningful only if the clause were in fact mandatory").

* "Licensee hereby agrees and consents to the jurisdiction of the courts of the State of Virginia.  Venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia."  Docksider[, Ltd. v. Sea Tech., Ltd.,] 875 F.2d [762,] 763 (9th Cir.1989).

K & V Scientific Co., Inc. v. BMW, 314 F.3d at 499-500 (footnote omitted).

Using the majority rule, the Tenth Circuit had little trouble concluding that the forum selection clause at issue in K & V Scientific Co., Inc. v. BMW was permissive.  See 314 F.3d at 500.  The clause referred only to jurisdiction and did so in non-exclusive terms.  See id.  A clause is mandatory, in accordance with K & V Scientific Co., Inc. v. BMW, only when the venue is specific with mandatory language.  Mandatory language is venue coupled with such terms as "exclusive," "sole," or "only."  Id. at 500.  If the paragraph is ambiguous – capable of being construed as either permissive or mandatory,  the paragraph is deemed to be permissive.  The Tenth Circuit in K & V Scientific Co., Inc. v. BMW states:

Even if the clause were deemed to be ambiguous (i.e., capable of being construed as either permissive or mandatory), the rule in this circuit and others is that the clause must be construed against the drafter, in this case defendant.  See Milk 'N' More[, Inc. v. Beavert], 963 F.2d at 1346 (holding "if there is any ambiguity in the clause [the court] should construe it against the drafter").  Accordingly, the clause would be deemed permissive.

344 F.3d at 500-01 (citations omitted).

In a unpublished decision after K & V Scientific Co., Inc. v. BMW, the Tenth Circuit

-11-

clarified that K & V Scientific Co., Inc. v. BMW decision addresses the issue of

> whether a recognition-of-jurisdiction provision implies an exclusive selection of
> venue. Use of mandatory language like "shall" in a clause dealing *directly with
> venue* carries stronger implications regarding the intent to designate an exclusive
> forum. See Milk 'N' More[, Inc. v. Beavert], 963 F.2d at 1346 (holding clause
> stating that "venue shall be proper . . . in" effected an exclusive designation of
> forum). When, as here, the relation of such language to the question of venue is at
> most derivative, through a jurisdictional provision, decisions such as " Milk 'N'
> More . . . are of little assistance in resolving the . . . dispute." K & V Scientific [Co.,
> Inc. v. BMW], 314 F.3d at 498-99.

King v. PA Consulting Group, Inc., 78 Fed. Appx. 645, 648 n.2 (10th Cir. Sept. 10, 2003).

## ANALYSIS

Knight freely negotiated and entered into the Contract, and its terms, including the choice-of-venue provision, bind Knight. Knight does not try to avoid the choice-of-venue provision by contending that Unit fraudulently induced it to enter into the provision. Rather, its primary argument is that the provision is permissive not mandatory and that, even if mandatory, the Contract provision does not apply to these claims. Because the Court concludes that the venue provision is mandatory, and that the provision applies to the breach of contract and tort claims, the Court will grant Unit's motion and transfer the case to the Northern District of Oklahoma.

## I.   KNIGHT'S REMOVAL OF THIS ACTION FROM STATE COURT DOES NOT WAIVE OBJECTION TO IMPROPER VENUE BASED ON THE FORUM-SELECTION CLAUSE.

Knight's removal of this action from state to federal court does not waive enforcement of the mandatory choice-of-venue provision in the Contract. Unit's action to remove this case from the state court to federal was a preliminary step to dismiss or transfer, and no waiver has occurred. See Lambert v. Kysar, 983 F.2d at 1113 n.2 ("It is well settled that the filing of a removal petition in a diversity action, without more, does not waive the right to object in federal court to the state court

venue.").  As the Honorable Learned Hand, then-Circuit Judge, explained:

> At times courts have indeed spoken as though removal to a federal court 'waived' some defect of venue. . . .  That is, with deference, plainly a mistake. . . .  When a defendant removes an action from a state court in which he has been sued, he consents to nothing and 'waives' nothing; he is exercising a privilege unconditionally conferred by statute, and, since the district court to which he must remove it is fixed by law, he has no choice, without which there can be no 'waiver.'

Greenberg v. Giannini, 140 F.2d 550, 553 (2d Cir. 1944).  Accordingly, the Court with entertain this motion.[1]

## II.   THE CONTRACT CONTAINS A MANDATORY CHOICE-OF-VENUE PROVISION.

Despite Knight's argument to the contrary, the Court finds that the Contract's venue clause is an unambiguous, mandatory choice-of-venue provision.  That clause does not talk about "jurisdiction," but about "venue."  The language here is as exclusive, if not more so, than that at issue in Milk 'N' More, Inc. v. Beavert, Intermountain Systems, Inc. v. Edsall Construction Co., and Docksider, Ltd. v. Sea Technology, Ltd.

### A.   KNIGHT DOES NOT ARGUE THAT UNIT FRAUDULENTLY INDUCED THE CONTRACT OR THAT THE CONTRACT IS INVALID.

Knight is suing on the Contract, alleging breach of the Contract.  Accordingly, Knight does not allege that the Contract was fraudulently induced.  Knight is therefore not able to meet its "heavy burden" of showing that the forum selection clause is invalid because of fraud, overreaching, bad faith, or lack of notice.  Moreover, while it may be more inconvenient to litigate in Tulsa, Oklahoma,

---

[1] Knight does not argue that removal takes away any of Unit's right to enforce the forum selection clause.  Instead, Knight argues that the forum selection clause does not apply to the instant claims, or, if it does apply, it is permissive and not mandatory.  To hold that, by removing the action, Unit waived its right to object to venue would make little sense, because it would allow a plaintiff to avoid a mandatory selection clause simply by filing in state court.  See Greenberg v. Giannini, 140 F.2d at 553.

-13-

rather than in Albuquerque, New Mexico, it has not been shown that enforcement would be unreasonable or unjust under the circumstances.  Knight does not show that its inconvenience is so serious as to foreclose a remedy.

### B.   SECTION 26 OF EXHIBIT A TO THE CONTRACT SETS FORTH A MANDATORY, UNAMBIGUOUS CHOICE-OF-VENUE PROVISION.

Knight contends that the forum-selection clause is permissive or it is ambiguous, which requires that it be considered permissive, or it is inapplicable to the tort claims.

The question is whether the paragraph 26 language is mandatory or permissive.  At first glance, the language appears mandatory.  The issue, however, is whether the language takes into account the Tenth Circuit's formula for what is and what is not a mandatory clause.

While the parties both agreed or assumed that federal law applies, the first issue the Court must address is whether federal or state law applies:

> Courts are [s]plit [r]egarding [w]hether [f]ederal [l]aw [a]pplies to [a] [q]uestion of [e]nforceabilty of [a] [c]lause.  The majority of courts addressing motions to dismiss based on forum selection clauses apply federal law, . . . as opposed  to state law, to the question of the enforceability of the clause.  However, state law standards are often the same as [federal law], so the issue is of no practical importance.

17 J. Moore, Moore's Federal Practice ¶ 111.04[3][c], at 111-41 - 111-42 (3d ed. 2004).  In Stewart Organization v. Ricoh Corp., 487 U.S. 22, 32 (1988), the Supreme Court for the United States held: "Federal law, specifically 28 U.S.C. § 1404(a), governs the District Court's decision whether to give effect to the parties' forum selection clause . . . .").  The Tenth Circuit, however, has never addressed which law applies to diversity cases when interpreting forum-selection clauses in general and when addressing transfer to a federal forum in particular.[2]  See, e.g., Excell, Inc. v. Sterling Boiler &

---

[2] The Honorable Bruce Black, United States District Judge, provided a thorough analysis of the Stewart Organization v. Ricoh Corp. decision in K & V Scientific Co., Inc. v. BMW, 164 F.

Mech., Inc., 106 F.3d at 321 (in analyzing a forum-selection clause specifying a state forum, holding that "[b]ecause [the Tenth Circuit] believes there are no material discrepancies between Colorado law and federal common law on these matters, we find it unnecessary to decide the issue" (citations omitted)).  After surveying Oklahoma law, however, there is nothing to indicate that Oklahoma would apply a different rule when analyzing a forum-selection clause's scope and enforceability from that articulated by the Tenth Circuit in K & V Scientific Co., Inc. v. BMW.  See Adams v. Bay, 60 P.3d 509, 510-11 (Okla. Civ. Div. 3, 2002)(citing federal law and enforcing a forum-selection clause in a construction contract between a Texas contractor and Oklahoma subcontractor, which provided that a Texas county would have venue for any dispute arising from the contract and where Texas county was contractor's home county).  Moreover, although New Mexico has not addressed forum-selection clauses in particular, its decisions relating to choice-of-law provisions indicate that New Mexico would apply the same rule as the Tenth Circuit as well.  See, e.g., Burge v. Mid-Continent Cas. Co., 123 N.M. 1, 5, 933 P.2d 210, 214 (1996)(holding that New Mexico recognizes the validity of choice-of-law provisions in contracts).  Thus, were the Court to decide the issue of enforcement of the forum-selection clause under Oklahoma or New Mexico law, that state's law generally enforces the clause.  Accordingly, whether the Court applies state or federal law, the same standard applies, or, if there is any difference, federal law is more rigorous and demanding in what it requires of a clause before a court can find it mandatory.  Thus, like the Tenth Circuit in Excell, Inc. v. Sterling Boiler & Mech., Inc., the Court need not decide what law applies, and will, like the parties,

_____

Supp. 2d 1260 (D.N.M. 2001), concluding: "The *Stewart* holding is therefore limited to those forum selection clauses which provide for transfer to a different federal forum: the case is inapplicable to forum selection clauses designating venue in a state or foreign court." Id. at 1265. The Tenth Circuit did not address this analysis on appeal. See K & V Scientific Co., Inc. v. BMW, 314 F.3d at 497 n.4.

assume federal law applies.

Knight concedes that the parties specified venue, but with the words "venue for any action involving the Contract shall be in the appropriate state or federal court located in Tulsa County, Oklahoma." This wording seems as mandatory, if not more mandatory, than the phrase "the parties further agree that venue shall be proper under the agreement in Johnson County, Kansas" in Milk 'N' More. Thus, under Milk 'N' More, the words in this case are mandatory.

The Court also concludes that, under the authority of K & V Scientific Co., Inc. v. BMW, paragraph 26 is mandatory. The Tenth Circuit in K & V Scientific Co., Inc. v. BMW addressed different examples of clauses specifying jurisdiction and using the word "shall." These examples -- and K & V Scientific Co., Inc. v. BMW's holding -- however, address the situation in which the clause does not directly address venue. The Tenth Circuit, in a subsequent unpublished decision, recognized this distinction. See King v. PA Consulting Group, Inc., 78 Fed. Appx. at 648 n.2 ("Use of mandatory language like "shall" in a clause dealing *directly with venue* carries stronger implications regarding the intent to designate an exclusive forum."). Thus, because the clause at issue in this case, "venue for any action involving this Contract shall be in the appropriate state or federal court located Tulsa County, Oklahoma," directly addresses venue and contains mandatory language ("shall"), the Court concludes that section 26 is a mandatory choice-of-venue provision.

The clause language specifically includes "venue" and "shall." The Court concludes that, as in Milk 'N' More, Inc. v. Beavert, the clause unambiguously designates Oklahoma courts as the exclusive venue. See 963 F.2d at 1346 (holding that "the provision that 'venue shall be proper under this agreement in Johnson County, Kansas' seems reasonably clear an the wording strongly points

-16-

to the state court of that county").  The forum-selection clause here is, under Tenth Circuit law,

mandatory.

### C.    THE FORUM-SELECTION CLAUSE GOVERNS KNIGHT'S BREACH OF CONTRACT CLAIM AND TORT CLAIM.

Having concluded that the Contract contains a mandatory choice-of-venue clause, the Court

must address whether this provision applies to the breach of contract claim or to the tort claim, or

to both.  The Court concludes that the choice of forum provision applies to both claims.

### 1.    The Contract's Choice-of-Venue Provision Applies to Knight's Breach of Contact Claim.

Knight asserts that it founds its breach of contract claim on "the contract" attached to the

Complaint as exhibits 2A, 2B, and 3.  Exhibits 2A and 2B are two delivery tickets, see Delivery

Ticket 2A, at 1; Delivery Ticket 2B at 1; only the exhibit 2A delivery ticket contains an attached

"terms and conditions."  Delivery Ticket 2A, at 2.  Exhibit 3 is an invoice Knight issued to Unit,

seeking the damaged pipe's expenses.  This exhibit also contains an attachment labeled "Terms and

Conditions."[3]  Knight contends that the terms and conditions attached to "the delivery ticket"[4]

contained the terms and conditions for the pipe rental.  The terms and conditions contained in the

delivery ticket attached as exhibit 2A do not contain a forum-selection clause.  Knight maintains that

the terms and conditions also do not make reference to any other document, and the terms and

---

[3]  The terms and conditions attached to the invoice appears to be the same as the one attached to exhibit 2A, with the exception that the invoice terms and conditions does not contain paragraph 16 ("Choice of Law").

[4]  As Unit points out, there are at least two delivery tickets at issue.  Only one, however, contains a "Terms and Conditions" attachment.  See Delivery Ticket 2A, at 2.

conditions were not incorporated into any other document.[5]

Knight emphasizes that it does not ask in its Complaint for any decision by the Court as to the nature of the Contract, its validity, or its interpretation.  Knight contends that the Contract and Exhibit A are silent concerning any terms to which the parties agreed governing the event of a breach of the Contract or a breach of Exhibit A to the Contract.  Knight argues that the Contract with Exhibit A lacks any terms defining a breach of a contract, determining what damages flow from that breach, or specifying what remedies are available for any breach of contract.  Knight also maintains that its breach of contract is based upon the terms in a contract -- the delivery ticket -- which does not contain a forum-selection clause.

For purposes of this motion, Unit takes no position whether the delivery tickets and invoice are valid contracts between the parties.  Unit maintains that the delivery tickets should only be viewed as acts in performance of the Contract.  Even if the delivery tickets and invoice are valid contracts, Unit maintains they do not contain any venue provision and, therefore, do not modify the original Contract with respect to the mandatory venue provision.

Assuming that the delivery tickets' and invoice are valid contracts, the original Contract contains a provision which states:  "No subsequent variance from, amendment to or modification of this Contract shall be binding upon Unit unless it is in writing, expressly provides that it is

---

[5] Again, considering there are at least two delivery tickets at issue in this case, it is not clear upon which delivery ticket Knight relies.  Because only the delivery ticket attached as exhibit 2A contains terms and conditions, and because Knight continuously relies on those terms and conditions in constructing its argument that the forum-selection clause does not apply, the Court will assume for the purposes of this motion that exhibit 2A is the delivery ticket upon which Knight relies. Because the Court concludes that the Master Contract between the parties -- and not individual delivery tickets for particular wells -- constitutes the agreement between the parties, which delivery ticket Knight is relying upon is not material to the Court's conclusion.

intended as a variance, amendment or modification and is executed by an officer of Unit.  "Exhibit A to Master Well and Lease Service Contract ¶ 31, at 12-13.  In addition to requiring any modification be in writing, this provision also requires that, to operate as a modification, the delivery ticket must expressly provide that it was intended as a variance.  The delivery tickets and invoice contain no such language.  Moreover, a written variance will not modify the Contract unless a Unit officer executes the document.  There is no evidence that a Unit officer signed the delivery tickets, and, thus, there is no evidence that they would bind Unit as a modification of the original Contract.

Moreover, even if the delivery tickets' and invoice's terms and conditions modified the original Contract, there is no conflict between the writings.  Both terms and conditions supplied to the Court contain a Conflict of Provisions section which provides: "In the event of a conflict between the provisions of this agreement and any other . . . agreement, whether oral or written, the provisions of this agreement control."  Delivery Ticket 2A ¶ 14, at 2.  There is nothing in the terms and conditions in either exhibit 2A or 3 that addresses venue, and Knight admits that there is no forum-selection clause contained in these documents.  Thus, the mandatory choice-of-venue provision applies to Knight's breach of contract claim.

      **2.**      **The Tort Claim is Subject to the Contract's Choice-of-Venue Provision.**

Knight's Complaint is founded upon a second cause of action for tort, alleging that Unit "negligently damaged the drill pipe during its drilling procedures."  Complain ¶ 23, at 3.  Knight alleges that the original Contract's forum-selection clause, even if considered mandatory, is not applicable to the tort claim.  Knight maintains that its tort claim is independent and separate of any breach of contract claim that it makes against Unit.  Knight argues that its tort claim is not founded upon any writing between the parties, and by reason thereof, there is no forum-selection writing that

embraces the tort claim.

Knight asserts that paragraph 26 concerns the Contract, the amendments, the modifications, the alterations or the supplements without attempting to embrace any and all causes that may arise by reason of the performance of services or the supplying of equipment and materials to Unit. According to Knight, if Unit intended the forum-selection clause to include all causes of action, the contract could have so provided.  The all-inclusive wording could have provided language such as "any dispute arising between the parties" or "in any action at law relating to the subject matter."

Although the Court did not locate any Tenth Circuit case discussing applicability of forum-selection clauses to causes of actions sounding in tort, the United States Court of Appeals for the Fifth Circuit addressed, and rejected, the tort/contract distinction in the forum-selection clause context:

> The [plaintiffs] argue that the forum selection clauses in their contract do not apply to the [plaintiff's] tort causes of action. . . .  We find no persuasive support for such a general distinction.  Instead, we must look to the language of the parties' contracts to determine which causes of action are governed by the forum selection clauses.

Marinechance Shipping, Ltd. v. Sebastian, 143 F.3d 216, 221-22 (5th Cir. 1998).  In so holding, the Fifth Circuit included a footnote, which stated:

> Although the Supreme Court did not discuss a contract/tort distinction in Carnival Cruise Lines v. Shute, the Court rejected, by necessary implication, an across-the-board differentiation between contract and tort causes of action when enforcing forum selection clauses.  Carnival Cruise Lines was purely a tort (slip and fall) case.  499 U.S. [585,] 588 [(1991)] . . . .  The Court applied the forum selection clause contained in the parties' contract to this cause of action.
>
> In Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd., 709 F.2d 190 (3d Cir.1983), the United States Court of Appeals for the Third Circuit rejected a contract/tort distinction.  In doing so, it acknowledged that the policies justifying application of forum selection clauses in contract cases are equally applicable to tort causes of action arising out of that contractual relationship.  Id. at 203.  Any contrary

conclusion would allow a forum selection clause to be defeated by "artful pleading". Id.  This points to an additional problem with a contract/tort distinction[:] these causes of action tend to blur together.  See[,] e.g., M/S Bremen v. Zapata Off-Shore, 407 U.S. 1 . . . (1972), in which the same events gave rise to both negligence and breach of contract actions.

Marinechance Shipping, Ltd. v. Sebastian, 143 F.3d at 222 n.27.

Looking at the forum-choice provision involved in this case, the Court concludes that the language is broad enough to include tort actions.  The clause states "any action involving this contract."  There is nothing in this clause which "justifies limiting [its] application to contract claims."  Id. at 222-23.  That the tort and breach of contract claim involve the same operative facts also counsels that the forum-selection clause apply to the tort claim.  See Terra Intern., Inc. v. Miss. Chem. Corp., 119 F.3d 688 (8th Cir. 1997)("'[C]ontract-related tort claims involving the same operative facts as a parallel claim for breach of contract should be heard in the forum selected by the contracting parties.'" (quoting Lambert v. Kysar, 983 F.2d at 1121-22).  There can be no dispute that this "action involv[es]" a contract claim.  The provision does not say only contract "claims" must be brought in Oklahoma; it says "action."  That word connotes the entire case, not a "cause of action" or a "claim for relief."  Cf., e.g., Fed. R. Civ. P. 2 ("There shall be one form of action . . . ."); id. 3 ("A civil action is commenced by . . . ."); id. 4 ("At any time after the commencement of the action . . . ."); 28 U.S.C. § 1441 ("Actions removable generally").  If the parties only wanted certain "claims" brought in Oklahoma, they could have used such distinguishing language.  Thus, the forum-selection clause is applicable to the entire action, which includes Knight's tort claim.

### D.    KNIGHT WILL NOT SUFFER ANY UNDUE HARDSHIP.

Knight and Unit freely negotiated the Contract and its forum selection clause, and Knight

-21-

brings suit for its alleged breach.[6]  Knight will not suffer any undue hardship if the Court enforces the venue clause.  Knight will suffer only minimal inconvenience litigating the case in Oklahoma, where it agreed to litigate.

## III.   THE COURT WILL TRANSFER THE CASE TO OKLAHOMA.

Having concluded that the choice-of-venue provision is mandatory, and that it applies to both Knights' breach of contract claim and tort claim, the Court must decide whether it will dismiss or transfer the case under 28 U.S.C. § 1404(a) or under § 1406(a).  Unit urges the Court to dismiss the case with prejudice, or, in the alternative, to transfer the case to the appropriate court in Tulsa County.  Knight contends that the Court should interpret the forum selection clause under 28 U.S.C. 1404(a).  Knight urges that, in the event that the Court is inclined to dismiss the case, the Court should transfer the case to the federal court in Tulsa, Oklahoma.

The Court has determined that the venue-of choice provision is mandatory and binding on the parties.  Accordingly, venue is improper in New Mexico, and the Court must decide whether it should dismiss or, in the interest of justice, transfer the case to the appropriate forum.  See 28 U.S.C. § 1406(a).[7]  "The 'interest of justice' is an amorphous standard, left largely undefined by the courts."

---

[6] These facts distinguish this case from those in Unit Petroleum Company v. Yeso Energy Inc. and United Drilling Inc., in the United States District Court for the District of New Mexico, Cause No. CIV-05-0275 MV/RHS.  In the Yeso case, Unit is resisting application of a forum selection clause in a Joint Operating Agreement, because the action there is based on the New Mexico Oil and Gas Lien Foreclosure Act, the debt giving rise to the liens allegedly arose solely in New Mexico and concerns New Mexico property interests, and the action is not between the original parties to the Joint Operating Agreement.  Further, Unit contends that the agreements between Yeso and United Drilling, pertaining to the well which is the subject of the Yeso and United Drilling case, do not contain a forum selection clause.

[7] The Court concludes that, because venue is improper in New Mexico, § 1406(a) rather than § 1404 applies.  See Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509 (10th Cir. 1991)("Section 1404(a) transfers [are] distinguished from transfers carried out under 28 U.S.C. §

Moore's Federal Practice, 11.34[2], at 111-165 (3d ed. 2004).  Nevertheless, courts often look at various criteria in decided to dismiss a complaint for improper venue: (i) whether or not the statute of limitations will bar the plaintiff from re-filing his complaint in another forum, United States v. Miller-Stauch, 904 F. Supp. 1209, 1214 (D. Kan. 1995); (ii) whether the plaintiff filed his complain in the forum to harass the defendant, King v. Russell, 963 F.2d 1301, 1304 (9th Cir 1992); and (iii) whether the plaintiff was forum shopping, Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1523 (9th Cir. 1983).  "[I]n most cases of improper venue the courts conclude that it is in the interest of justice to transfer to a proper forum rather than to dismiss.  * * * *  The usual procedure should be to transfer rather than dismissal."  Wright, C., Miller, A., & Cooper, E., 15 Federal Practice & Procedure § 3827 (2005).

The Court concludes that the record in this case does not warrant dismissal of the pending action.  Although there is no indication whether the statute of limitations has run on Knight's claims, there is similarly no evidence that Knight, by bringing this action in New Mexico, was forum shopping or acting to harass Unit.  Accordingly, the Court concludes that, in the interest of justice, it will transfer the case to the United States District Court for the Northern District of Oklahoma.

**IT IS ORDERED** that the Defendant's Motion to Dismiss, or in the Alternative to Transfer is granted.  The Court will transfer the case pursuant to 28 U.S.C. § 1406(a) to the United States District Court for the Northern District of Oklahoma.

---

1406(a).  In the case of § 1404(a), both the transferor and the transferee court have venue over the action, but it is more efficient to prosecute the action in the latter court.  Conversely, in the case of § 1406(a), the transferor court lacks venue and *must* transfer the action in order for it to proceed.").

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Thomas L. Marek
Marek & Francis, P.A.
Carlsbad, New Mexico

– and –

Douglas C. Longman, Jr.
Perret Doise
Lafayette, Louisiana

      *Attorneys for the Plaintiff*

John R. Cooney
Jason C. Bousliman
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Albuquerque, New Mexico

      *Attorneys for the Defendant*